IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATIA ZARITA ALLEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 16-359-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Social Security Commissioner ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 405(g) Plaintiff, Latia Zarita Allen ("Allen" or "Plaintiff") seeks judicial review of an adverse social security ruling denying claims for Supplemental Security Income (SSI) (Docs. 1, 12).  With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 15, 17).  Oral argument was heard on February 2, 2017.  After considering the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

PROCEDURAL BACKGROUND

Plaintiff protectively applied for SSI on February 24, 2005, asserting a disability onset date of October 1, 2001. (Tr. at 69, 176-78).  Plaintiff was awarded benefits as a child, but when she reached eighteen, her benefits had

to be redetermined as an adult. (TR. at 27). On October 14, 2013, it was determined that Plaintiff was no longer disabled as of October 1, 2013. (TR. at 88-89). Plaintiff filed a Request for Reconsideration on October 11, 2013, and attended a disability hearing on October 8, 2014. (TR. at 92, 99-110). The hearing officer upheld the termination of Plaintiff's benefits in a decision dated March 10, 2014. (TR. at 115-18). Plaintiff appealed the hearing officer's decision and attended two hearings before an ALJ on June 16, 2014 and August 19, 2014. (TR. 42-68).

At the time of the administrative hearing, Plaintiff was nineteen years old, was in the ninth grade, and had no previous work experience. (Doc. 12; Fact Sheet). Plaintiff alleges she is disabled due to intellectual disability and anxiety. (*Id*). On October 24, 2014, an Administrative Law Judge ("ALJ") denied benefits after determining that Plaintiff did not meet disability listing requirements of 12.05. (Tr. at 24-41). Plaintiff requested review of the hearing decision, but the Appeals Council denied the request. (Tr. 1-7).

Plaintiff claims that the ALJ committed reversible error in (1) failing to find that Plaintiff met the listing requirement of 12.05C and (2) failing to fully develop the record. (Doc. 12 at 2). Defendant has responded to—and denies—these claims. (Doc. 13).

## STANDARD OF REVIEW

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on

2

proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, we must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied

standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's

decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

DISCUSSION

Allen takes issue with the fact that the ALJ did not find that she met the listing requirements of 12.05C. More specifically, Plaintiff contends that her anxiety should have satisfied the second prong of 12.05C which requires "a physical or other mental impairment imposing an additional and significant work related limitation of function". (Doc. 12 at 2). Plaintiff additionally claims that the ALJ failed to fully develop the record by not obtaining updated records. *Id.* Because Plaintiff argues that the ALJ's error relating to the listing requirement of 12.05C is based, in part, on the ALJ's failure to fully develop the record, this Court will first address whether the ALJ erred in not obtaining additional records.

    A.    Failure to Develop the Record

Plaintiff argues that the record before the ALJ was devoid of any treatment notes after 2012, two years prior to the date of the decision and was, therefore, incomplete.[1] (Doc. 12 at 4). Of note, Plaintiff does not assert that there was a lack of substantial evidence before the ALJ. Instead, she asserts that the ALJ did not have two additional records which would have or should have impacted the ALJ's decision and, therefore, the ALJ's failure to

---

[1] At the hearing, Plaintiff's counsel indicated that the record before the ALJ, in fact, included the very documents that Plaintiff, in her brief, argued were erroneously not obtained by the ALJ. Nevertheless, because the issue was raised in her brief and for the sake of clarity, the undersigned will still address this alleged error.

5

obtain those records was in error.

It is well-established that the ALJ has a basic duty to develop a full and fair record. 20 C.F.R. § 416.912(d). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *See* 20 C.F.R. § 416.912(a) (stating that "[claimant] must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 416.912(c) (stating "[y]our responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say you are disabled").

As an initial matter, the ALJ was required to develop Plaintiff's medical history for the 12 months prior to her filing, not prior to the decision being rendered as Plaintiff suggests. *See* 20 C.F.R. § 416.912(d). Nevertheless, Plaintiff contends that the ALJ should have obtained the AltaPointe Health Systems records because they "show that the Plaintiff has long-standing mental health treatment and continues to have problems with anxiety" and because they show that Plaintiff was formally diagnosed with anxiety. (Doc. 12 a t 3). Those records also "reflect the Plaintiff's history of attending the Lemoyne School (an alternative school program run by AltaPointe Health Systems) and POINTE Academy (an alternative school setting)." *Id*. Plaintiff also asserts that the ALJ should have obtained the

"Individualized Education Program (IEP) for the 2014/2015 school year [because it] shows severe problems." *Id.* Plaintiff argues that "[t]hese additional records support a finding that the Plaintiff has had trouble adjusting in a school setting and that her additional diagnoses have adversely affected her performance, thus meeting the second prong of Listing 12.05C." *Id.*

Plaintiff's argument fails to acknowledge the information considered by the ALJ from 2012 to 2014, including the evaluations of two physicians in 2013, school records from 2014, and Plaintiff's and her mother's own testimony in 2014, such that lack of further development of the record was in error. At the hearing, Plaintiff's mother testified that there were only two or three visits regarding counseling sessions missing from the Lemoyne Center[2] records that were reviewed by the ALJ prior to the hearing. (TR. at 64-66). Plaintiff also testified that she had not sought any additional treatment since the counseling sessions at Lemoyne, including any emergent care and that she had not taken any medication since she turned eighteen. (TR. at 55-56). Moreover, it is evident that the ALJ considered the contents of the Lemoyne records, as described by Plaintiff and her mother, even if the records, themselves, were not part of the record. (*See* Tr. at 29) (" The Administrative Law judge recognizes that the claimant was diagnosed with anxiety and attended two counseling sessions […]. However, there is no evidence that she has sought any assistance […] with regard to complaints of anxiety. The

---

[2] The Lemoyne records are contained within the AltaPointe Health Systems records.

Claimant testified that she has not pursued additional treatment, and the evidence indicates that claimant has not required any emergent care or hospital care for anxiety.") As a result, there is no indication that the ALJ erred by failing to develop the record.

Further, the records Plaintiff contends should have been obtained by the ALJ were submitted to the Appeals Counsel and in making its decision the Appeals Counsel stated "[w]e considered the records from Williamson High School dated March 14, 2014 (11 pages) and the LeMoyne Center dated February 22, 2007 through August 8, 2014 (16 pages). However, these documents are not new because they are exact copies of exhibits 20E and 13F." (TR. at 2). As a result, even if the ALJ failed to fully develop the record, Plaintiff was not prejudiced. *See Hethcox v. Comm'r of Soc. Sec.*, 638 Fed.Appx. 833, (11th Cir. 2015).[3] Based on the above, the ALJ did not err by failing to obtain the documents cited by Plaintiff and Plaintiff's argument is without merit.

B.    The 12.05C Listing Requirements

Plaintiff additionally contends that that ALJ erred by failing to determine that Plaintiff met the listing requirements of 12.05C. At step

---

[3] In *Hethcox*, the Court stated, "[e]ven if ALJ failed to fully develop the record, by not ordering a consultative examination to determine if disability insurance benefits (DIB) and supplemental security income (SSI) claimant had a mental impairment, claimant was not prejudiced; claimant cured any deficiencies in the record by appealing ALJ's denial of benefits, and then filing with the Appeals Council her educational records and the results of a second evaluation with physician, which included a diagnosis of mild mental retardation and an IQ score of 67. By doing so, Hethcox cured any deficiencies in the record. We affirm the district court's judgment that the ALJ fulfilled his duty to fully and fairly develop the record." *Hethcox,* 638 Fed. Appx. at 835.

8

three of the sequential evaluation process the ALJ found that Allen did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. at 29-31). The ALJ then determined Plaintiff's residual functional capacity (RFC) and found she could perform a full range of work at all exertional levels but with a number of nonexertional limitations. (Tr. 31-35).

>Listing 12.05C states as follows:

>>Intellectual disability refers to a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.

>>The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

>>…

>>C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2016). "In determining the second prong of subparagraph C, the ALJ must assess 'the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits [a claimant's] physical or mental ability to do basic work activities, i.e., is a' severe' impairment(s), as defined in § § 404.1520(c) and 416.920(c).'" *Jones v. Astrue*, 2012 WL 5305142 *4 (M.D. Ala.

October 25, 2012) *quoting* 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.00A para. 4.

There is no dispute that Plaintiff had a valid full scale IQ score of 60 and, therefore, met the first prong of 12.05C. (Doc. 12 at 2; Doc. 13 at 6; TR. at 30). As a result, the only issue before this Court is whether there was substantial evidence in the record for the ALJ to determine that Plaintiff's anxiety did not satisfy the second part of 12.05C, which requires "a physical or other mental impairment imposing an additional and significant work-related limitation of function". With regard to Part 12.05C, the ALJ stated as follows:

> In terms of the requirements in paragraph C, the requirements are not fullfilled as the claimant does not have a physical or other mental impairment imposing an additional and significant work-related limitation of function. The claimant has not alleged any physical impairments, and the claimant's alleged anxiety does not result in additional and significant limitation of function. This finding is consistent with the consultative examiner's report which revealed that the claimant did not meet the criteria for any mental health disorder except in the area of intellectual functioning (Exhibit 7F). This finding is also consistent with the opinion of the state Disability Determination Services psychologist who also did not find any mental disorder except in the area of intellectual functioning (Exhibits 8F and 9F).

(TR at 30.) In reviewing Plaintiff's medical records, the ALJ noted the limited treatment of Plaintiff for acute conditions, and not for any ongoing chronic illnesses. (TR. at 32, 54-56). The ALJ went on to summarize the opinions of Lucile T. Williams, Psy.D. and Robert Estock, M.D. as follows:

> As for the opinion evidence, the Administrative Law Judge gives significant weight to the report from Lucille T. Williams, Psy.D., who

> evaluated the claimant on October 1, 2013 at the request of the Social Security Administration. The administrative Law Judge notes that the claimant was able to subtract serial threes from 20. She could count backward from 20 to 1 and work problems in change-making/simple arithmetic. She could spell DOG forward and backward. Recent and remote memory was intact. Thought processes were grossly intact. No loose associations, tangential or circumstantial thinking were noted. The claimant did not appear confused. Conversation was normal. No hallucinations or delusions were noted. Insight and understanding of herself were good. Judgment was good. The Administrative Law Judge specifically notes that Dr. Williams found general activity level was age and task appropriate. The claimant seemed socially confident and comfortable. She understood instructions readily. She maintained good interest and effort. The claimant's approach to assessment tasks was methodical and orderly. Dr. Williams diagnosed the claimant with mild mental retardation. She did not find that the claimant met the criteria for any other mental health diagnoses. The Administrative Law Judge notes that Dr. William's finding are consistent with the opinion of Dr. Estock, the state agency psychiatrist and with her history of special education and the results of her school testing (Exhibits 7-F, 10-F and 20-E).
> 
> The Administrative Law Judge assigns great weight to the report of Robert Estock, M.D. the state agency psychiatrist. Dr. Estock noted the claimant's grade report for 2012-2014 shows the claimant is in regular classes. She is not on any psychiatric medications and is not receiving any medical or psychiatric treatment. Dr. Estock found claimant would have moderate difficulty in activities of daily living; maintaining social functioning and in concentration, persistence or pace. Dr. Estock found the claimant is able to understand and remember simple instructions; sustain attention and concentration for two-hour periods to complete a regular workday at an acceptable pace and attendance schedule. He found that contact with the public should be brief and infrequent. He indicated she requires supervision, which is direct, ongoing and non-confrontational. Dr. Estock further found the claimant can adapt to workplace changes that are simple, well explained and implemented gradually (Exhibits 8-F and 9-F).

(TR. at 34). The ALJ further relied on Plaintiff's and her mother's testimony that Plaintiff had only attended two to three sessions for anxiety counseling, had not sought any additional medical care, and was not taking any

11

medication for anxiety. (TR. 29, 54-56, 64-66).

Plaintiff asserts that her anxiety was an "other mental impairment imposing an additional and significant work-related limitation of function". In that regard, Plaintiff asserts that the ALJ failed to consider the IEP Report for the 2014-15 school year and records from AltaPointe dated April 30, 2014. However, as discussed above, the information contained in the AltaPointe records was provided to the ALJ via Plaintiff and her mother's testimony and was considered by the ALJ. Further, while these records may contradict the ALJ's determination, it does not make the determination the result of an error as the record contained substantial evidence to support the ALJ's decision.

Despite, Plaintiff's assertions to the contrary, this Court finds that there was substantial evidence in the record and that the ALJ did not err by determining that Plaintiff's anxiety did not satisfy the second part of 12.05C. Further, the ALJ's explanation specifically articulated the reasoning behind his decision in determining Plaintiff's anxiety was insufficient. As such, Plaintiff's assertion that the ALJ erred is without merit.

## CONCLUSION

Plaintiff has raised two claims in bringing this action; both are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Therefore, it is

**ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMMISSED**.  Judgment will be entered by separate Order.

DONE this 10th day of February 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
